### GENTRY v WALDRON

Ohio Appeals, 9th Dist, Summit Co

No 2774. Decided Feb 8, 1937

Sheck, Marsteller & Wendelken, Akron, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

## OPINION

PER CURIAM

Appellee, Dorothy Gentry, was driving an Auburn convertible coupe automobile in a southerly direction upon a public highway through the village of Ghent, Ohio. Said highway was paved with brick to a width of 40 feet, and at the time in question was wet and very slippery.

Appellant, Harry D. Waldron, was driving a Marmon sedan automobile along said highway, proceeding in a northerly direction thereon, and said Auburn and Marmon cars came into collision at approximately the center of said highway, the right front portion of the Marmon striking the left front portion of the Auburn, which latter car had skidded on the slippery pavement, and was in a position crosswise of said highway and headed in a westerly direction. Immediately after the contact of the front parts of said cars, the right side of the Marmon car struck the left side of the Auburn car with great force and violence, and both automobiles were badly damaged by reason thereof, and said Dorothy Gentry was seriously injured.

Dorothy Gentry thereafter brought an action against Waldron to recover for her said injuries, and the trial of the case resulted in a unanimous verdict in favor of Dorothy Gentry, upon which verdict judgment was thereafter entered. The cause is before this court upon appeal on questions of law.

Four assignments of error are urged by the appellant (Waldron), as follows:

1. That the verdict is not sustained by sufficient evidence and is contrary to law.
2. That the court erred in refusing to withdraw from the consideration of the jury the second specification of negligence as contained in the second amended petition.
3. That the court erred in refusing to give to the jury before argument certain special requests of the defendant, identified as Nos. 8 and 9.
4. That the court erred in the general charge to the jury.

We have carefully read and considered the entire bill of exceptions and the exhibits attached thereto, and we find that the verdict of the jury is not manifestly against the weight of the evidence, and we are of the opinion that the judgment is not contrary to law.

The two specifications of negligence contained in appellee's second amended petition are as follows:

"1. In that the defendant failed and neglected, while driving his automobile in a northerly direction, to remain on the easterly side of said road, and in that the defendant drove said automobile across the path in front of and across the white line over onto the westerly portion of said highway, and thus caused a collision between his automobile and the automobile in which plaintiff was driving.

"2. In that the defendant saw, or in the exercise of ordinary care should have seen, the automobile in which plaintiff was driving in season to have prevented his automobile from running into and upon same; and in that the defendant failed and neglected to stop his automobile or check the speed or divert the course of same in season to have prevented his automobile from running into, upon and against the automobile which plaintiff was driving."

It is claimed by appellant that the trial court erred in refusing to withdraw from the jury the second specification of negligence, because said specification is inconsistent with the first specification of negligence for the reason that said second specification is a pleading of the doctrine of last clear chance.

We are unable to conclude that the second specification of negligence does plead

the doctrine of last clear chance, or that the same is inconsistent with the first specification of negligence. As we construe said specifications, the first one charges the appellant with negligence in being on the wrong side of the road, and the second specification charges him with driving in a negligent manner and failing to divert the course of or stop his automobile so as to avoid said collision.

With reference to the third assignment of error, we hold that the court did not err in its refusal to give the appellant's special request No. 8, because that request was a repetition of appellant's request No. 5, which was given.

We further hold that there was no error in the refusal of the court to give appellant's special request No. 9, because that request had no application to the facts shown by this record; the appellant having testified that at all times immediately preceding the collision he had knowledge of everything occurring at that time and place. Such being the case, there was no basis for the indulgence of any assumption on the part of the appellant.

We find no prejudicial error in the general charge of the court upon §§12603, 12603-1, and 6310-17, GC, such error as occurred having been error of omission sion and not error of commission, and the trial court's attention not having been challenged thereto by counsel for appellant, nor a request to charge having been made thereupon.

**Warner v Rowley, 129 Oh St 15, at p. 22.**

It does seem to us, however, that the charge upon §6310-17, GC, was inappropriate under the circumstances shown by the evidence in this case, and that the court may well have omitted the charge upon said section; but inasmuch as the appellant herein filed a cross-petition against the appellee, wherein he alleged appellee turned her automobile sharply to the left without giving any signal or warning of her intention so to do, the charge of the court upon said section was responsive to that allegation in appellant's cross-petition, and was made to apply to the conduct of both parties to the case.

We are clearly of the opinion that what the court said concerning said section was not prejudicial to either party.

It is further contended by appellant·that not only was the court not justified in charging on §§12603 and 12603-1, GC, but that what was said in reference thereto did not correctly state the law on the subject and was incomplete.

It will be observed that the charge of the court with reference to §12603, GC, merely stated that a violation of that section of the statute constituted negligence, but that with reference to §12603-1, GC, the court charged that a violation of that statute constituted negligence as a matter of law.

Under the decisions of the Supreme Court as they now stand, we believe ourselves to be justified in holding that a violation of §12603-1, GC, does constitute negligence per se, and the trial court therefore did not err in charging the jury to that effect.

We are of the opinion that substantial justice has been done in this case, and the judgment will therefore be affirmed.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.